IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| VIRGIL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1025-CV-W-HFS |
| | ) | |
| STEPHEN LARABEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant has filed a motion to dismiss Count II of plaintiff's complaint. This personal injury action arises out of a collision between a motor vehicle driven by plaintiff Virgil Brown and a truck tractor and semi-trailer driven by defendant Stephen Larabee, who was employed by defendant Keim T.S., Inc. Count I of plaintiff's complaint alleges negligence against truck driver Larabee and vicarious liability against trucking company Keim. Count II alleges negligent hiring/retention/training against Keim. In Keim's answer, it has admitted that Larabee was an agent of Keim and that he was acting within the course and scope of his agency with Keim at the time of the accident. Keim's Answer at ¶¶ 7, 8. Keim argues that under Missouri law, once an employer has admitted an agency relationship, it is improper to allow a plaintiff to pursue a negligent hiring claim in addition to vicarious liability. On this basis, Keim urges dismissal of Count II, negligent hiring/retention/training.

Keim relies on McHaffie v. Bunch, 891 S.W.2d 822 (Mo. banc 1995). In McHaffie, the Missouri Supreme Court adopted the majority view that "once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against an

employer on any other theory of imputed liability." Id. at 826.  The Court explained: "If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose." Id.  Further, "[o]nce vicarious liability for negligence is admitted under respondeat superior, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed." Id.

The facts of McHaffie and the present case are quite similar.  The McHaffie plaintiff brought suit against a trucking company and its driver for injuries sustained in a motor vehicle accident and alleged claims against the trucking company for vicarious liability and negligent hiring. Id. at 824.  At trial, both claims were submitted to the jury.  On appeal, the defendants argued that the trial court erred in submitting both the respondeat superior and negligent hiring theories. Id. at 825.  The Missouri Supreme Court agreed, holding that because the agency relationship had been admitted, it was error to permit a separate assessment of fault against the employer for negligent hiring. Id. at 827.  In the present case, because Keim has admitted an agency relationship with Larabee, plaintiff cannot pursue any other imputed liability claims besides vicarious liability.  As a result, plaintiff's negligent hiring/retention/training claim must be dismissed.  See Young v. Dunlap, 223 F.R.D. 520, 521-22 (E.D. Mo. 2004) (relying on McHaffie and striking negligent entrustment claim where plaintiff also alleged respondeat superior claim and defendant admitted respondeat superior liability).

In opposing dismissal, plaintiff argues that Keim's motion should be denied as premature

2

because no discovery has been conducted.[1] He also cites to another portion of the McHaffie decision, which states that "an employer . . . may be held liable on a theory of negligence that does not derive from and is not dependent upon the negligence of an entrustee or employee." McHaffie, 891 S.W.2d at 826. No amount of discovery will change that fact that Count II (negligent hiring/retention/training) is an imputed liability claim derived from and dependent upon Larabee's alleged negligence. Therefore, Keim's motion to dismiss Count II will be granted.

Accordingly, it is hereby

ORDERED that defendant Keim's motion to dismiss Count II of plaintiff's complaint (ECF doc. 5) is GRANTED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

July 25, 2005

Kansas City, Missouri

---

[1] The court's records reflect that since the briefing of this motion, the parties have engaged in some discovery.